**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RENE JOSEPH BIERRIA, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-415** |
| **SUSAN HUTSON, ET AL.** | **SECTION: D(3)** |

**ORDER AND REASONS**

Before the Court is Petitioner Rene Bierria's ("Petitioner") Motion for Emergency Stay for Writ of Mandamus.[1] Petitioner, a Louisiana state prisoner presently incarcerated at the Orleans Justice Center, filed the instant motion *pro se*, wherein he makes several requests, including issuing an immediate emergency stay in the prosecution of Petitioner, dismissing Petitioner's charges, releasing all persons unlawfully arrested by Louisiana State Police in Orleans Parish, ceasing Louisiana State Police Activity in Orleans Parish, and ordering the Fourth Circuit Court of Appeals to inquire into the matter.[2] Having considered the Motion, the record, and the applicable law, for the reasons that follow, the Court DISMISSES the Motion for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2023, Petitioner's girlfriend entered a vehicle with Petitioner at the corner of Elk Place and Canal Street in Orleans Parish.[3] While in the backseat of the vehicle with Petitioner, Petitioner allegedly hit and strangled the victim, while threatening to kill her.[4] The New Orleans Police Department ("NOPD") Eighth

[1] R. Doc. 13.
[2] *Id.* at pp. 2-4.
[3] The Court provides the Factual background as set forth in the state court record. *See* R. Doc. 11.
[4] R. Doc. 11-2 at pp. 53-56.

District issued an arrest warrant for Petitioner, charging him with one count of attempted second degree murder and one count of domestic abuse battery by strangulation.[5] Petitioner was arrested one year later on December 30, 2024 on the outstanding warrant as well as a myriad of other offenses.[6] A Protective Order was issued by the Magistrate Court on December 31, 2024.[7]

On February 7, 2025, the Office of the Attorney General ("A.G.") filed a bill of information charging Petitioner with each of the following offenses: La. R.S. §§ 14:39 (negligent injuring), 14:68.4 (unauthorized use of a motor vehicle), 14:95(E) (illegal carrying of weapons) (two counts), 14:95.1 (possession of firearm by felon), 14:100 (hit-and-run driving), 14:108(B)(1)(a) (resisting an officer), 14:108.1 (flight from an officer), 14.130.1 (obstruction of justice), 32:52 (absence of driver's license), 32:53(A)(2) (absence of registration license plate), and 40:966(B)(2)(a) (distribution or possession with intent to distribute narcotic drugs); all under Case No. 565-169.[8] On February 19, 2025, Petitioner appeared for arraignment and entered a plea of not guilty as to all counts.[9] From the state record, it appears that that matter remains pending.[10]

---

[5] *Id.*

[6] *Id.* at p. 96-97. Petitioner was also arrested for Aggravated Flight from an Officer, Possession of a Firearm with Controlled Dangerous Substance, Possession of a Firearm in Commission of a Violent Crime, Possession of a Stolen Vehicle, Possession with the intent to distribute a Schedule 1 Controlled Dangerous Substance to wit: Marijuana, Hit and Run, Vehicular Negligent Injury, Resisting Arrest by Flight, and No License Plate. *See id.* at p. 99.

[7] *Id.*

[8] R. Doc. 11-1 at p. 23 and pp. 63-65. The record reflects that the Office of the Orleans Parish District Attorney was recused in the matter and the Attorney General's Office appointed an Ad Hoc District Attorney. *See* R. Doc. 11-1 at p. 65.

[9] *Id.* at p. 22.

[10] In its Reply to the Petition, the State advises that Petitioner was set to potentially participate in the court's "re-entry" program and was next set for April 23, 2026. *See* R. Doc. 10 at p. 7.

On February 21, 2025, the Office of the District Attorney ("D.A.") filed a separate bill of information charging Petitioner with one count of domestic abuse battery by strangulation (La. R.S. 14:35.3(L)), one count of attempted murder (La. R.S. 14(27)30.1), and fifty counts of violation of a protective order (La. R.S. 14:79), all under Case No. 565-342.[11]

Prior to trial in the second matter, Case No. 565-342, Petitioner entered a guilty plea to a lesser charge as to Count 1,[12] violation of La. 14:34.9 battery of a dating partner, and the State entered a *nolle prosequi* as to the remaining fifty-one counts.[13] Petitioner was sentenced to six month's incarceration at Orleans Justice Center, with credit for time served.[14]

On February 24, 2026, Petitioner filed a federal habeas corpus petition in this Court to which the State responded.[15] On September 10, 2026, Petitioner filed a Motion for Emergency Stay for Writ of Mandamus.[16]

## II. PETITIONER'S MOTION

Petitioner moves the Court to issue an emergency stay in his prosecution by the Attorney-General in the Orleans Parish Criminal District Court "pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Mandamus Act 28 U.S.C. § 1361."[17] Although not entirely clear, Petitioner's Motion appears to be directed at his prosecution under

[11] R. Doc. 11-2 at pp. 31-44.
[12] R. Doc. 11-2 at p. 47.
[13] *Id.* at pp. 47-49.
[14] *Id.*
[15] R. Doc 1.
[16] R. Doc. 13. While not entirely clear, it appears that Petitioner is seeking an emergency stay and, in addition, a Writ of Mandamus.
[17] *Id.*

Case No. 565-169.[18] Petitioner also seeks clarification of Judge Susie Morgan's June 13, 2017 bench findings, apparently issued in her role as part of the New Orleans Police Department Consent Agreement, and, once clarified, several Writs of Mandamus, including to the Orleans Parish Sheriff "to release all persons under unlaw arrest . . . within three days," to the Governor of Louisiana to "immediately direct the cessation of all Louisiana State Police activity in Orleans Parish," to the "immediate cessation and nullification of the Louisiana State Police "Troop NOLA,"' to the Orleans Parish District Attorney Ordering them to pull and prepare every Louisiana State Police arrest, plea and/or verdict/convictions, etc . . . since 2016 . . . within thirty days," to the Fourth Circuit Court of Appeals "to order an inquiry into the matter," and to the Louisiana State Supreme Court "to ensure compliance and submissions of all Court orders."[19]

Petitioner requests an emergency stay, alleging ongoing violations in the state prosecution instituted by the Attorney General due to a "lack of clarity surrounding Judge Susie Morgan's June 13, 2017 findings and holdings from the bench."[20] Petitioner appears to contend that the NOPD violated his Fourth Amendment protection against unreasonable search and seizures and that evidence was gathered in an unconstitutional and unlawful manner.[21]Petitioner claims that the Attorney-General has violated the Exclusionary Rules in the prosecution of

---

[18] Because Petitioner is proceeding *pro se*, the Court liberally construes his pleadings.
[19] R. Doc. 13 at pp 3-4.
[20] *Id.* at p. 2.
[21] *Id.* at pp. 4-5.

Petitioner.[22] Petitioner contends violation of his Sixth Amendment rights to effective counsel and a speedy, public trial, claiming that his counsels of record, both private (since terminated) and public defender, failed to submit pretrial motions and investigate facts on behalf of Petitioner, withheld critical information from the Court, failed to effectively communicate with Petitioner, and pressured Petitioner to take a guilty plea.[23] Petitioner contends the State violated his Eighth Amendment rights because the State coerced Petitioner into forced labor at the Louisiana State Penitentiary without being duly convicted of a crime.[24] Petitioner further argues the State violated his rights under the Due Process Clause of the Fourteenth Amendment because, in light of a lacking investigation, the State solely used the name, race, and mental characteristics of Petitioner in the issuance of Petitioner's initial arrest warrant, making it evident the State neglected their duty to protect its citizens regardless of race, class, or other protected characteristic.[25]

Petitioner's specific request is for clarification of Judge Susie Morgan's June 13, 2017 bench findings that the Attorney-General's office does not have the legal authority "to make statewide arrests for violations of state law."[26] Once clarified, Petitioner requests the enforcement of the Court's clarifications via Writs of Mandamus to:

> (a) the Honorable Judge Marcus DeLarge, Section K of the Orleans Parish Criminal District Court, and Louisiana the Attorney-General Elizabeth Murrill to immediately dismiss charges against Petitioner;

---

[22] *Id.* at 4; *see* R. Doc. 1 at pp. 10-12.
[23] R. Doc. 1 at pp. 14-17.
[24] *Id.* at p. 17.
[25] *Id.* at pp. 18-20.
[26] R. Doc. 13 at pp. 23-24, 37-38.

(b) to the Attorney-General Elizabeth Murrill to dismiss all prosecutions in the Orleans Parish Criminal District Court based upon unlawful arrest by the Louisiana State Police in Orleans Parish within three days of the Court's order;
(c) to the Orleans Parish Sheriff Michelle Woodfork to immediately release Petitioner from unlawful detention in her custody;
(d) to the Orleans Parish Sheriff Michelle Woodfork to release all persons under unlawful arrest by the Louisiana State Police within three days of the Court's order;
(e) to the Mayor of New Orleans Helena Moreno to order the immediate cessation of Louisiana State Police activity in Orleans Parish;
(f) to the Governor of Louisiana Jeffrey Landry to immediately direct the cessation of all Louisiana State Police activity in Orleans Parish and the nullification of Louisiana State Police 'Troop NOLA'; as well as
(g) the immediate cessation and nullification of the Louisiana State Police "Troop NOLA" as a whole;
(h) to the Orleans Parish District Attorney Jason Williams and the Orleans Parish Criminal District Court Judicial Administrator Robert Kazcik to order them to pull and prepare every Louisiana State Police arrest, plea and/or verdict, convictions, etc. since the 'Violent Crimes Task Force' launch in 2016;
(i) to the Fourth Circuit Court of Appeals to order an inquiry into the matter; and
(j) to the Louisiana State Supreme Court to ensure compliance and submissions of all Court orders.[27]

## III. LAW AND ANALYSIS

The Mandamus Act, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[28] The Fifth Circuit has recognized that "[t]he test for jurisdiction [pursuant to the Mandamus Act] is whether mandamus would be an appropriate means of relief."[29] Three elements are required before mandamus can issue: "(1) the

[27] *Id.* at pp. 24-25.
[28] 28 U.S.C. § 1361.
[29] *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

plaintiff must have a clear right to the relief; (2) the defendant must have a clear duty to act; and (3) no other adequate remedy must be available."[30] The petitioner must carry the burden of showing that the "right to issuance of the writ is clear and indisputable."[31] The Fifth Circuit has determined that federal district courts "lack[] jurisdiction under § 1361 to compel *state* officials to perform their official duties."[32] The All Writs Act authorizes federal courts to issues writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," including the writ of mandamus requested here.[33] It functions to "fill the interstices of federal judicial power when those gaps threate[n] to thwart the otherwise proper exercise of federal courts' jurisdiction."[34] However, without a separate basis, like the Mandamus Act, for example, the All Writs Act "does not confer an independent basis for subject matter jurisdiction."[35]

First, as noted above, Petitioner seeks an emergency stay of the pending state court action instituted by the AG's Office while Petitioner seeks clarification of findings made by another federal judge in a case involving the New Orleans Police Department Consent Decree. Following clarification, Petitioner seeks mandamus compelling various government officials to execute actions, including but not limited to dismissing Petitioner's charges, releasing all persons unlawfully arrested by

---

[30] *Id.*; *see Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002).
[31] *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).
[32] *Barnett v. Louisiana*, 624 F. App'x 218, 219 (5th Cir 2015) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)).
[33] 26 U.S.C. § 1361; *In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019); *see, e.g., Cheney v. U.S. Dist. Court for D.C.*, 543 U.S. 367, 380 (2004).
[34] *Pa. Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 41 (1985).
[35] *Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 811 (5th Cir. 2002); *see Syngenta Crop Prod., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

Louisiana State Police in Orleans Parish, ceasing Louisiana State Police Activity in Orleans Parish, and ordering the Fourth Circuit Court of Appeals to inquire into the matter.

To the extent Petitioner requests clarification of Judge Morgan's June 13, 2017, findings regarding lawful street policing, jurisdiction, and authority in Orleans Parish—specifically that "the AG's office has limited statutory authority to investigate crimes within certain areas, but it doesn't have the ability to make statewide arrests for violations of state law,"[36] Petitioner lacks standing to seek this clarification.[37] There is nothing in the record to suggest that Petitioner was a party to that case. It is well-settled that one who is not a party to a matter has no right to appeal a judgment entered in that matter.[38] And, finally, as to this "request for clarification," this Court has no authority over Judge Morgan's 2017 case. It would be inappropriate for this Court to issue any clarification of another Court's findings in a separate case made almost a decade earlier. Lacking jurisdiction in both regards, the Court need not, and declines to, address the merits of the underlying Motion for Emergency Stay.[39]

---

[36] *Id.* at pp. 31-32; *see NOPD Consent Decree, U.S. v. City of New Orleans*, 12-cv-1924.

[37] *See In re Toyota Hybrid Brake Litigation,* 2020 WL 6161495 (E.D. Tex. 10/21/2020) (citing *Ross v. Marshall*, 426 F.3d 745 (5th Cir. 2005)). The Court liberally construes Petitioner's request for clarification as a Motion for Reconsideration under Fed. Rule Civ. P. 59 or 60. *See In re Toyota Hybrid Brake Litigation*, at *20 ("[H]e is not a party to this action—and therefore does not have standing to file a motion [under Fed. Rule Civ. P. 59 or 60]. As such, the Court does not (and cannot) address [the motion].").

[38] *Edward v. City of Houston,* 78 F.3d 983 (5th Cir. 1996).

[39] Further, while liberally construing Petitioner's Motion, he has not shown any basis for emergency relief. "Four factors guide our analysis: (1) whether Petitioners have made a strong showing of entitlement to mandamus; (2) whether Petitioners will be irreparably harmed absent a stay; (3) whether other parties will be substantially harmed by a stay; and (4) the public interest." *In re Abbott*, 809 F. App'x 200, 201-02 (5th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009); *ODonnell v. Goodhart*, 900 F.3d 220, 223 (5th Cir. 2018)). The supposed ground asserted for emergency relief was

Petitioner then seeks Writs of Mandamus against numerous state and city government officials. A writ of mandamus is an "extraordinary remedy" and has a limited jurisdictional basis.[40] As previously mentioned, under 28 U.S.C. § 1361, this Court has jurisdiction over an action seeking "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[41] However, this Court lacks jurisdiction under 28 U.S.C. § 1361 to compel state officials to perform their official duties.[42] Therefore, this Court does not have jurisdiction to issue a writ of mandamus pertaining to any of the actions described in (iii)(a)-(j) nor does the Court deem it proper to grant any such other relief described in (iv) and (v).[43]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Emergency Stay/For Writ of Mandamus[44] is **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, November 20, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

the September 11, 2026 hearing. R. Doc. 13 at p. 23. Not only is this request moot, but the Court finds that Petitioner has not addressed any of these factors. Petitioner's request also likely fails on all factors, as he has failed to assert any entitlement to mandamus, there is no evidence he or anyone else will be irreparably harmed absent a stay, and there is no public interest at stake in this request. *See In re Abbott*, 809 F. App'x at 201-02.

[40] *Adams v. Georgia Gulf Corp.*, 237 F. 3d 538, 542 (5th Cir. 2001).

[41] 28 U.S.C. § 1361.

[42] *Id.* "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision does not give the Court jurisdiction to issue the writ of mandamus that petitioner seeks. *See Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Moye*, 474 2d 1275; *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Lamar v. 118th Judicial District of Texas*, 440 F.2d 383, 384 (5th Cir. 1971)).

[43] R. Doc. 13 at pp. 2-4.

[44] R. Doc. 13.